## WOOD v. THOMPSON.

No. 33975.   Sept. 30, 1952.

*248 P. 2d 606.*

Maurice M. Thomas and Priest & Belisle, Oklahoma City, and Melton, McElroy & Vaughn, Chickasha, for plaintiff in error.

E. G. Nahler, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, and Hatcher & Bond, Chickasha, for defendant in error.

CORN, J.   This action was brought by Roy Wood, as plaintiff, against the defendant, Frank A. Thompson, sole trustee for the St. Louis-San Francisco Railway Company, a corporation, seeking to recover in damages for overflow of plaintiff's land. The case was tried to a jury. The plaintiff established that he is the owner of several hundred acres of bottom land lying between the South Canadian River and the defendant's right of way in Grady county, Oklahoma; that he suffered substantial damage due to floods during 1944 and 1945. He alleged that this was due to the improper construction of the roadbed of defendant.   A trial to the jury resulted in a judgment for the defendant, and plaintiff appeals.

Plaintiff first argues that there is no evidence that would justify the trial court in submitting the case to the jury. We do not agree. Each party produced expert and lay witnesses to support their theories.   Plaintiff's testimony established, if believed, that water was obstructed by defendant's roadbed and the improper construction thereof and water ran over the lands of plaintiff causing flood damage. While the defendant's testimony established, if believed, that the only damage caused to the plaintiff's land was from overflow of a creek and other causes, that the defendant's roadbed was constructed and maintained with due consideration to the rights of plaintiff.

We cannot detail the testimony of each witness without unnecessarily encumbering the opinion. The closely contested questions of fact were for the jury and the trial court did not err in submitting these issues to the jury.

The action of the jury was final if the jury was properly instructed. In this plaintiff argues error and we shall discuss the four main instructions given by the court, three of which were strenuously opposed by plaintiff.

Instruction No. 4 given by the court, conceded by both parties to be correct, is as follows:

"You are instructed, gentlemen, that the statutes of the state of Oklahoma provide that: 'Every corporation constructing, owning or using a railroad shall restore every stream of water, water course, street, highway, plank road, toll or wagon road, turnpike or canal across, along or upon which said railroad may be constructed, to its former state or to such condition as that its usefullness shall not be materially impaired, and thereafter maintain the same in such condition against any effects in any manner produced by such railroad.' This provision of our statute is mandatory in its terms and the failure to comply therewith renders the person or corporation so failing liable in damages to any person injured by reason of such failure."

Plaintiff states that instruction No. 8 is incorrect. It, in effect, informs the jury that the defendant would not be liable for a reasonable construction of its roadbed not inconsistent with the use thereof and with due consideration to the rights of plaintiff. This instruction follows the rule announced by this court in Chicago, R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 P. 755, and many times followed since that opinion. We find no error in the giving of this instruction.

Plaintiff next argues that instruction No. 9 is misleading and not according to any of the evidence introduced in the trial of the case. We cannot agree with this contention. The instruction which, in effect, describes the nature of the land involved in the trial informs the jury that if the damages arose purely from the nature of the land and not from the action of the defendant, defendant would not be liable. We find no error in giving this instruction. Plaintiff also objects to instruction No. 11. This, in effect, is a restatement of the rule of proximate cause given by the court in its general instructions and simply informs the jury that even though the defendant was guilty of negligent construction of its roadbed it would not be liable to the plaintiff unless such negligence caused the damage to the plaintiff. We find no error in giving this instruction.

Plaintiff has singled out and copied several instructions which were requested at the trial and refused by the trial judge. We have made a careful examination of each of these instructions and find that they are within the rule that it is not error for the trial court to refuse requested instructions even if technically correct where they are in substance covered by other proper instructions given by the court.

Finally, it is argued that the court erred in admitting certain testimony. The chief objections presented by plaintiff are the action of the trial court in allowing the introduction of an aerial photograph showing conditions which plaintiff states existed four or five years prior to the alleged damage and certain evidence and exhibits relating to two ditches constructed to control Shirley creek. There is no specific error pointed out in the introduction of the map that is prejudicial to the rights of plaintiff and we find none. Plaintiff does point out in what respects he thinks the trial court erred in allowing the introduction of evidence and exhibits as to the construction of the two ditches to control the water of Shirley creek. This creek was referred to repeatedly by both sides in the trial of the case and we fail to find where a reference to the digging of the ditches in any way prejudiced plaintiff.

Finding no error that would require a reversal, the judgment is affirmed.

HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, and O'NEAL, JJ., concur.

